## Matthew Small
### v.
## Francis E. Roberts.

*Contract—Sale—Bailment—Instructions.*

1. The question of whether the treatment of a horse in the hands of a given person was such as a careful, prudent man would exercise in the care of his own horse is a question of fact for the jury in a given case.

2. Objection to an instruction on the ground that it contained an assumption of a disputed fact, held to have been cured by a previous paragraph of the instructions in the case presented.

[Opinion filed January 14, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Messrs. Hanecy & Merrick, for appellant.

Mr. T. H. Hood, for appellee.

Moran, J. This action was brought to recover for a horse alleged to have been sold by appellant to appellee. Appellee's defense was that he did not buy the horse but took him on trial, to be purchased if found to be satisfactory, and that while trying him and using him with proper care and prudence the horse suddenly died. The jury, under instructions

that stated the principles of law applicable to the case fully
and correctly, found a verdict for the defendant. There was
a flat contradiction between the witnesses on the question of
whether the horse was sold absolutely or delivered on trial,
iand a verdict either way on that issue could not be disturbed
in this court upon the evidence in the record. On the ques-
tion of the treatment of the horse by appellee, there was no con-
flict, and it was for the jury to say whether the manner of his
treatment as detailed was such as a careful and prudent man
would exercise in the care of his own horse. Complaint is
made of the last instruction for the defendant given to the
jury by the court on the ground that it assumes that the horse
was given to the defendant for trial. The last paragraph of
the instruction for the defendant if read by itself is liable to
appellant's criticism. But if read with the paragraph which
immediately precedes it, the objection is cured. The whole
instruction is as follows:

"If the jury believe from the evidence in this case that the
plaintiff, Small, gave the defendant, Roberts, an option to
purchase the horse in question if he liked it, and if you fur-
ther believe from the evidence that the defendant, Roberts,
received such horse from said Small for the purpose of mak-
ing such trial, then such transaction constituted a bailment and
not a sale, and so imposed on the defendant, Roberts, only the
duty of ordinary care in keeping and returning the horse.

"The court further instructs the jury, that if they believe
from the evidence that the defendant, Roberts, and his agent
or agents, exercised ordinary care in the use of such horse
while on such trial (ordinary care meaning such care as an
ordinarily prudent man would give to his own horse under
such circumstances) and if the death of the horse resulted,
then the defendant, Roberts, is not liable for the value of the
horse while in his control for the purpose of making such
trial."

It is very clear that both paragraphs constitute but one
instruction. The omission of the conjunction "and" between
the two gives rise to a trifling ambiguity which disappears
when the words are all considered.

In our opinion there is in fact no assumption in the instruction, and no tendency to mislead, and in view of all the instructions given to the jury we are satisfied there was no error made.

The judgment must be affirmed.

*Judgment affirmed.*